# EXHIBIT A

Electronically Filed
4/26/2021 4:11 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Al Lasso, Esq.
Nevada Bar No.:8152
**LASSO INJURY LAW, LLC.**
10161 Park Run Dr., Suite 150
Las Vegas, Nevada 89145
PH: (702) 625-8777
FAX (702) 835-6981
*Attorney for Plaintiff*

CASE NO: A-21-833533-C
Department 27

## DISTRICT COURT

## CLARK COUNTY, NEVADA

\* \* \*

| | |
|---|---|
| ERIC HOWE, an Individual;<br><br>Plaintiff,<br><br>v<br><br>ALBERTSON'S LLC., d/b/a ALBERTSON'S, a Foreign Limited-Liability Company; DOES I through XX, inclusive, and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Defendants. | Case No.:<br>Dept. No.: |

## COMPLAINT

COMES NOW, Plaintiff, ERIC HOWE, by and through his attorney of record, AL LASSO, ESQ., of LASSO INJURY LAW, LLC., for his causes of action against Defendants ALBERTSON'S LLC. d/b/a ALBERTSON'S ("Defendants"); alleges as follows.

### GENERAL ALLEGATIONS

1. That at all times herein mentioned, Plaintiff, ERIC HOWE, was, and is an individual residing in the County of Clark, State of Nevada.

2. At all times relevant hereto, upon inforamtion and belief, Defendant, ALBERTSON'S LLC. d/b/a ALBERTSONS, (hereafter "Defendant" or "ALBERTSON'S"), is and was a Foreign

Page 1 of 12

Limited-Liability Company, doing business in the County of Clark, State of Nevada. Upon information and belief, this Defendant owned, operated or was otherwise responsible for the business located at 4055 S. Durango Dr. Las Vegas, NV 89147. This business is also referred to herein as "the Subject premises" or "the Subject Supermarket."

3. Defendant ALBERTSON'S owned the Subject premises at the time of the incident described herein.

4. Defendant ALBERTSON'S operated the Subject Premises at the time of the incident described herein.

5. That the true names and capacities, whether individual, corporate, agents, associate, or otehrwise of Defendants, DOES I through XX and/or ROE BUSINESS ENTITIES I through XX, inclusive. are individuals and/or entities of unknown form whose names and capacities are unknown to the Plaintiff, who, therefore, sue said Defendants by said fictitious names. The Plaintiff is informed and believe, and thereon allege, that each of the Defendants designated as DOE and/or ROE BUSINESS ENTITIES, , are any one of the following:

(a) A party responsible in some manner for the events and happenings herein referred to, and in some manner proximately caused the injuries and damages thereby to the Plaintiff as herein alleged;

(b) Parties that were the agents, servants, employees, and contractors of the Defendants, and each of them, acting within the course and scope of their agency, employment, or contract;

(c) Parties that owned, lease, manage, operate, secure, inspect, repair, maintain, entrusted and/or are responsible for the premises located at 4055 S. Durango Dr. Las Vegas, NV 89147 and/or the defective condition which caused Plaintiff's injuries and damage, as described herein;

(d) Parties that have assumed or retained the liabilities of any of the Defendants by virtue of an agreement, sale, transfer or otherwise;

(e) Parties or contractors who managed, maintained, repaired or cleaned the area, including nearby equipment, where the incident occurred;

(f) Parties that performed repairs or made modifications to the area where the incident occurred;

(g) Parties responsible for performing inspections of the area where the incident occurred so as to ensure its safety to patron; and/or

(h) Parties responsible for constructing, designing or providing engineering services for the area where this incident occurred.

6. Plaintiff specifically complains and alleges one or more causes of action against these parties. However, as of the filing of this Complaint, Plantiff is not sure as to weather those entities are individuals, partnerships, limited partnerships, coporations, associations of individuals and business, or some other form of busniness ownership. When the same have been ascertined by the Plaintiff, together with the appropriate charging allegations, Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I through XX and/or ROE BUSINESS ENTITIES I through XX, inclusive and to join such Defendants in this action.

## COMMON FACTS

7. On May 5, 2019, during normal business hours, Plaintiff ERIC HOWE, A 51-year-old man, entered the Subject Supermarket to shop.

8. After entering the market, Plaintiff ERIC HOWE was shopping in the store when suddenly and without warning, he slipped on a liquid substance on the floor, causing him to violently fall to the floor and sustain serious injuries.

9. At the time of Plaintiff ERIC HOWE'S fall, and at the location of his fall, there was no barrier or sign indicating the prescene of any liquid substance. This liquid substance created a hazard for patrons such as the Plaintiff ERIC HOWE. The hazard is also referred to herein as "the condition."

10. Defendant ALBERTSON'S possesses video of the Subject Incident.

11. As a result of Plaintiff's fall, he suffered serious injuries and damages, including but not limited to, a right shoulder tear, posterior disc protrusion C2-3, C3-4, C4-5 and C6-7, impingement of the right shoulder, posterior disc bulge C5-6, right annular tear L3-4 and L5-S1, posterior disc bulge L4-5, Posterior disc protrusion L3-4, L5-S1 with severe narrowing.

12. That Defendants, and each of them, owed to the general public and, specifically to Plaintiff a duty to provide safe ingress and egress from, in, through and around the business establishment of the Defendants.

13. That on or about May 5, 2019, the Defendants, and each of them, intentionally, negligently, carelessly and/or recklessly failed to inspect, maintain, own, control, or manage the aforementioned premises by permitting the aforementioned dangerous and inappropriately inspected and maintained area to develop and remain in the common area floor in an area where the Defendants,

and each of them, knew, or through the exercise of reasonable diligence, should have known, that Plaintiff and other invitees would be on the premises.

## FIRST CAUSE OF ACTION

### (Negligence-Against All Defendants)

14. Plaintiff repeats and realleges each and every fact set forth in the preceding paragraphs, as though set forth in full at this time.

15. Pursuant to the preceding paragraph, Plaintiff alleges that, at all relevant times, Defendants and each of them were responsible for maintaining the area that Plaintiff alleges herein was both unreasonably dangerous and caused Mr. Howe to fall to the ground.

16. It was the duty of the Defendants, and each of them, to own, maintain, manage, supervise, entrust and operate said premises so as not to negligently, carelessly and recklessly cause injury or damage to others, including Plaintiff ERIC HOWE, but the Defendants, and each of them, were negligent in ways that included, but were not limited to, the following:

(a) The Defendants, individually or jointly, maintained, controlled, and/or created a dangerous condition on the premises;

(b) The subject condition was dangerous, and Defendants did not make any efforts to warn others, including the Plaintiff, regarding the condition, knowing that its presence reasonably and foreseeably could, and would, result in serious injuries;

(c) The dangerous condition was created by the Defendants' agents' or employees' negligence, and acts and/or omissions occurred within the scope of employment or work with Defendants;

(d) Its is further alleged that Defendants, and each of them, and their employees,

Page 5 of 12

contractors and/or subcontractors, had sufficient actual and/or constructive notice of the dangerous condition in sufficient time before the above-described incident, in order to take reasonable measure to protect patrons, including Plaintiff;

(e) Defendants, and each of them, failed to provide full, fair, and adequate warning of dangers which could be incurred in the use of the flooring, which proximately caused the injuries suffered by Plaintiff as herein alleged; and

(f) The Defendants knew or should have known that a danger existed. Nonetheless, Defendants, and each of them, did not take steps to alleviate or correct the dangerous condition, nor to warn of its existence.

17. As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of the Defendants, and each of them, the Plaintiff ERIC HOWE sustained injuries to his body, all of which caused and will continue to cause general damages in the form of physical, mental, and pain and suffering in an amount in excess of $15,000.00, to be proven at trial.

18. As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of the Defendants, and each of them, the Plaintiff ERIC HOWE was required to incur medical and related expenses in an amount in excess of $15,000.00, to be proven at trial.

19. As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of the Defendants, and each of them, the Plaintiff ERIC HOWE will be required in the future to incur expenses for and to employ physicians, nurses, physical therapists, and to procure hospitalization, medicine, and general medical care and attention, in a gross amount in excess of $15,000.00, to be proven at trial.

20. Plaintiff has secured the services of an attorney in order to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorneys' fees and costs incurred herein.

## SECOND CLAIM FOR RELIEF

**(Negligent Inspection/Maintenance-Against All Defendants)**

21. Plaintiff repeats and realleges each and every fact and allegation contained in the above paragraphs, and incorporates the same by reference as though fully set forth herein.

22. Plaintiff is informed and believes and thereon alleges that on or before the times herein mentioned, Defendants, and each of them, did so negligently inspect and/or maintain the location of the common area referred to as the flooring and/or was allowed to develop and to remain in the common area and directly in the path of pedestrian invitees, and, specifically, Plaintiff, ERIC HOWE.

23. That said Defendants owed Plaintiff a duty of reasonable care in the conduct of their respective businesses to inspect and/or maintain the common area flooring free from defects and/or dangerous conditions which would allow a defect to develop and remain in an area of pedestrian invitee traffic which could, thereby, cause harm to human beings and, specifically, to Plaintiff, ERIC HOWE.

24. That Plaintiff, ERIC HOWE'S, injuries and damages as herein alleged were the direct and proximate result of the negligence of the Defendants, and each of them, in inspecting and/or maintaining said common area which said Defendants knew was to be used by business invitees such as Plaintiff, and by the general public, and which Defendants knew, or in the exercise of reasonable care, should have known contained a dangerous condition or defect which created a risk of harm to Plaintiff ERIC HOWE.

25. That as a direct and proximate cause of the aforesaid negligence, carelessness and/or recklessness of the Defendants, and each of them, and herein alleged, and in inspecting and/or maintaining the subject premises, Plaintiff, ERIC HOWE, sustained injuries, suffered a shock to his system, emotional trauma, and great pain, suffering; that further, Plaintiff, ERIC HOWE, suffered

serious injuries and damages, including but not limited to, a right shoulder tear, posterior disc protrusion C2-3, C3-4, C4-5 and C6-7, impingement of the right shoulder, posterior disc bulge C5-6, right annular tear L3-4 and L5-S1, posterior disc bulge L4-5, Posterior disc protrusion L3-4, L5-S1 with severe narrowing.

26. That as a direct and proximate result of the aforesaid negligence of the Defendants, and each of them, Plaintiff, ERIC HOWE, has been required and may be required in the future to incur expenses for and to employ physicians, nurses, physical therapists, and to procure x-rays, medications and general medical care and attention.

27. That as a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff, ERIC HOWE, has sustained injuries and damages in excess of Fifteen Thousand Dollars ($15,000.00).

28. By reason of the premises, and as a proximate result thereof, Plaintiff has been caused to incur expenses as and for attorney's fees and costs of suit herein and Plaintiff is entitled, pursuant to contract, rule or statute, or as an element of damages, to compensation for those expenditures in an amount to be determined by the Court, as well as for the costs of suit herein.

### THIRD CAUSE OF ACTION

### (Third Party Beneficiary)

29. Plaintiff repeats and realleges each and every fact and allegation contained in the above paragraphs and incorporates the same by reference as though fully set forth herein.

30. Plaintiff, ERIC HOWE, as a patron of ALBERTSON'S, was a Third-Party Beneficiary of contracts and/or agreements with respect to the construction, operation, maintenance or repair of the subject floor.

31. It was foreseeable to Defendants, and each of them, that patrons such as Plaintiff, ERIC HOWE, were relying upon the reasonably safe performance of those agreements/policies and or contracts.

32. That Defendants' failure to perform pursuant to those agreements/policies and/or contracts allowed for the existence of reasonably safe conditions on May 5, 2019, which caused Plaintiff to incur all of the previously itemized injuries and damages previously listed within this Complaint.

## FOURTH CAUSE OF ACTION

**(Negligent Hiring, Supervision, and Training-Against All Defendants)**

35. The Plaintiff hereby repeats and realleges each and every fact set forth in the preceding paragraphs, as though set forth in full at this time.

36. That Defendants acted in a negligent manner, including, but not limited to, failure to:

(a) Establish, implement, maintain, and enforce proper policies and procedures for employees, including maintenance crew, office staff, and agents under the control of Defendants;

(b) Establish, implement, maintain, and enforce proper policies and procedures for maintenance, repair, inspection, and general upkeep of the subject premises, including the floor;

(c) Establish, implement, maintain, and enforce proper policies and procedures for warning guests, including Plaintiff, ERIC HOWE, of potentially dangerous conditions;

(d) Properly hire adequate, experienced, and competent employees who are able to warn customers, including Plaintiff, ERIC HOWE, of potentially dangerous conditions;

(e) Properly pre-screen potential employees by conducting background checks

LASSO INJURY LAW, LLC.
10161 Park Run Dr., Suite 150
Las Vegas, Nevada 89145
702-835-6980

and other similar investigations into potential employees; resume, prior to employment retention;

   (f) Properly and adequately supervise and manage employees once there were hired;

   (g) Properly and adequately train employees and instruct them as to their job duties and responsibilities;

   (h) Properly and adequately oversee, control, issue regulations regarding the conduct of employees;

   (i) Properly and adequately upkeep, inspect, maintain, and repair the Subject Premises common areas, and the floor of the Subject Premises;

   (j) Properly and adequately delineate maintenance, inspection, and repair job duties and responsibilities to employees, and agents, acting on their behalf; and

   (k) Properly, adequately, and responsibly setup mechanisms to ensure that all areas and equipment, including the subject premises, are reasonably kept in proper and working order for customers, including Plaintiff ERIC HOWE.

37. As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of the Defendants, and each of them, Plaintiff sustained injuries to his body, all of which caused and will continue to cause general damages in the form of physical, mental, and pain and suffering in an amount in excess of $15,000.00;

38. As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of the Defendants, and each of them, Plaintiff was required to incur medical and related expenses in an amount to be proven upon trial.

39. As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of the Defendants, and each of them, Plaintiff will be required in the future to incur

expenses for and to employ physicians, nurses, physical therapists, and to procure hospitalization, medicine, and general medical care and attention, all in amounts to be proven upon trial.

40. As a further direct and proximate result, Plaintiff suffered a loss of past and future household services.

41. Plaintiff, ERIC HOWE has been required to engage the services of LASSO INJURY LAW, LLC. to prosecute this matter, and Plaintiff ERIC HOWE is entitled to reasonable attorney's fees and costs therefor.

WHEREFORE, Plaintiff herein, expressly reserving his right to amend this Complaint up to and including the time of trial to include all items and amounts of damages not yet specifically ascertained, prays this Court for its judgment against the Defendants, and each of them, as follows:

1. For general damages and out-of-pocket expenses in excess of $15,000.00;

2. For special damages in excess of $15,000.00;

3. For Plaintiff's reasonable attorney's fees;

4. For Plaintiff's costs and disbursements of suit; and,

5. For such other and further relief as the Court may seem just and equitable in the premises.

DATED this 26th day of April 2021.

LASSO INJURY LAW

Al Lasso, Esq.
Nevada Bar No. 008152
10161 Park Run Dr., Suite 150
Las Vegas, NV 89145
(702) 835-6980 – Telephone
*Attorney for Plaintiff*

Page 11 of 12

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as a matter of right.

DATED this 26th day of April 2021.

                                                       LASSO INJURY LAW

                                                       Al Lasso, Esq.
                                                       Nevada Bar No. 008152
                                                       10161 Park Run Dr., Suite 150
                                                       Las Vegas, NV 89145
                                                       (702) 835-6980– Telephone
                                                       *Attorney for Plaintiff*